**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DR. ROBERT COLLINS,** | § | |
| | § | |
| **v.** | § | **1-19-CV-1097-LY** |
| | § | |
| **TEXAS FORENSIC SCIENCE** | § | |
| **COMMISSION GENERAL COUNSEL** | § | |
| **LYNN ROBITAILLE GARCIA, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Andrew James' Motion to Dismiss for Failure to State a

Claim (Dkt. No. 6); Defendant Mills' Motion to Dismiss with Brief in Support (Dkt. No. 8);

Defendants Forensic Science Commissioners Barnard, Budowle, Buzzina, Daniel, Downing, Drake,

Johnson, Kerrigan, Parsons, and Forensic Science Commission General Counsel's Motion to

Dismiss (Dkt. No. 16); and all associated responses and replies. The District Court referred the

motions to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

On November 12, 2019, Plaintiff Robert Collins, proceeding pro se, filed the instant suit

against the Commissioners of the Texas Forensic Science Commission,[1] Texas DPS Crime Lab

Director Brady Mills, Texas Forensic Science Commission General Counsel Lynn Robitaille Garcia,

Montgomery County Assistant District Attorney Andrew James, Federal Bureau of Investigation

---

[1]Collins names Commissioners Jeffrey J. Barnard, Bruce Budowle, Patrick Buzzini, Mark Daniel,
Nancy Dowling, Jasmine Drake, Dennis Johnson, Sarah Kerrigan, and Jarvis Parsons.

Special Agent in Charge Perrye K. Turner, and "other as-yet unknown state and FBI officials. " Dkt. No. 1 at 1. Collins brings his claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law claims for intentional infliction of emotional distress and conspiracy.

Collins is a self-employed DNA expert who testifies in criminal trials. He has a doctorate in Molecular and Human Genetics from Baylor College of Medicine. In 2019, Collins participated as a court-appointed expert witness in the trial of Fred Dexter Lee, in Montgomery County, Texas. Andrew James acted as the prosecutor in the case. Lee was found not guilty, but Collins asserts that the DNA Technical Leader of the Houston DPS Crime Lab, Andrew McWhorter,[2] through his trial testimony, knowingly presented false, degraded, and misleading DNA evidence to the jury in that trial. Collins asserts that the practices of the DPS Crime Lab fail to meet professional and state requirements and that DNA evidence degradation is systemic at the DPS Crime Lab. Collins maintains this degradation may affect hundreds of cases.

Collins filed a complaint with the Texas Forensic Science Commission concerning the actions of the DPS Crime Lab. Collins asserts that after he filed this complaint, the Commissioners conspired to cover up the inadequacies of the DPS Crime Lab; and instead of investigating Collins' actual complaint, conducted a "sham"investigation and investigated a different complaint, which they found had no merit.  Collins alleges that the Commissioners held a meeting and presented the results of their investigation of Collins' complaint. Collins asserts he testified after the Commissioners' presentation and findings, and complained that the Commissioners had investigated the wrong issue. He maintains that Commissioner Bodowle defamed him at this meeting by stating he was "wrong" and the Commission found no evidence of DNA degradation. Collins asserts this

---

[2]Collins does not name McWhorter in his Complaint.

is "patently false." *Id.* at 13. He asserts the Commission made these statements in furtherance of the conspiracy to cover up the inadequacies of the DPS Crime Lab.

Collins further asserts that on August 5, 2019, he went to the Houston Field Office of the FBI, which he maintains is tasked with ensuring that every DNA lab meets federally mandated FBI Quality Assurance Standards, to file a complaint against the Commission. Collins maintains that FBI agents/employees, under the direction of SAIC Perrye K. Turner, refused to accept his complaint either in person or by email. Collins asserts that the FBI conspired with Commissioner Bruce Budowle, himself a twenty-six-year veteran of the Federal Bureau of Investigation, in not accepting his complaint and covering up the Commission's actions. *Id.* at 15.

Collins complains that he was defamed and falsely discredited by the Commission, damaging his reputation, leading to a dropoff in his expert witness consultation business, and emotional pain and suffering. Pursuant to Sections 1983 and 1985, he asserts violations of his constitutional rights to due process, equal protection, the Sixth Amendment confrontation clause,[3] conspiracy and "failure to intervene." He also makes state law claims of conspiracy and intentional infliction of emotional distress. Collins alleges all claims against all Defendants. In three groups, Defendants have three moved to dismiss. The Court finds that the Defendants' motions should be granted.

## II.  STANDARDS OF REVIEW

A.    **Rule 12(b)(1) Standard of Review**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court. FED. R. CIV. P. 12(b)(1); *Rodriguez v. Texas Comm'n*

---

[3] In his Response to Defendants Science Commissioners, Collins concedes he cannot bring a Sixth Amendment claim and withdraws this claim. Thus the Court finds this claim should be dismissed. Dkt. No 17 at 6.

3

*on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). Where a defendant attacks jurisdiction based solely on the allegations of the complaint, as here, the plaintiff's factual allegations are presumed to be true. *O'Rourke v. United States*, 298 F. Supp. 2d 531, 534 (E.D. Tex. 2004); *Rodriguez*, 992 F. Supp. at 878. Dismissal for lack of subject matter jurisdiction is appropriate when the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *O'Rourke*, 298 F. Supp. 2d at 534. When a Rule 12(b)(1) motion challenges the complaint on its face, without reference to extraneous facts, courts analyze the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *Home Builders Ass'n of Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Doe v. Myspace*, 528 F.3d 413, 418 (5th Cir. 2008). When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the 12(b)(6) motion. *Rodriguez*, 992 F. Supp. at 879.

## B.    Rule 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the

[movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Collins sues all Defendants in their individual capacities and asserts that "all acted in the scope of their employment or official duties while engaging in the actions alleged in this Complaint." Dkt. No. 1 at 4. He request compensatory damages, punitive damages, costs and fees for his alleged injuries. Dkt. No. 1 at 26.[4]

### A.   The Forensic Science Commission General Counsel and Commissioners' Motion to Dismiss (Dkt. No. 16)

#### 1.   Standing for federal claims

First, the FSC General Counsel and Commissioners move to dismiss Collins' Due Process, Fifth Amendment, and federal conspiracy claims against the individual Commission Defendants pursuant to Rule 12(b)(1) for lack of standing. The Commission Defendants allege that Collins does not have standing to bring his constitutional claims because he cannot establish he has suffered an injury in fact fairly traceable to the actions of the individual Commission Defendants. The

---

[4] Collins only requests monetary damages. "A suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment." *Chaney v. Louisiana Work Force Commission*, 560 F. App'x 417, 418 (5th Cir. 2014). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Although it appears that Collins brings only individual capacity claims, to the extent the complaint is interpreted as bringing an official capacity claims, such claims are barred.

Commission Defendants assert that Collins merely disagrees with the outcome of the investigation of his complaint, and this does not qualify as an injury sufficient to secure his claims.

Under Article III of the Constitution, federal courts can resolve only "cases" and "controversies." U.S. CONST. art. III, § 2. In line with this requirement, a plaintiff must have standing—that is, (1) an injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Id.* That is, the plaintiff must have "a direct stake in the outcome." *See Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). To satisfy this injury-in-fact test, Plaintiffs therefore must allege more than an injury to someone's concrete, cognizable interest; they must "be [themselves] among the injured." *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020) (citing *Sierra Club* 405 U.S. at 734–35) (holding that Confederate descendants and historical groups did not have standing to bring First Amendment claims about removal of Confederate monuments because they failed to establish a First Amendment-based stake in the outcome of the litigation).

Collins complains that his complaint to the Texas Forensic Science Commission about the DPS Crime Lab was mishandled. He also asserts he was defamed when, later at a public meeting, the Commission falsely stated that, contrary to Collins' representations, there was no evidence of degraded DNA, and stated that Collins needed to "step back" in making those assertions. Collins alleges his business has suffered as a result of these public comments and he has suffered anxiety and emotional harm.

"Injury to reputation can constitute a cognizable injury sufficient for Article III standing."
*Foretich v. United States*, 351 F.3d 1198, 1211 (D.C. Cir. 2003); *see Walker v. City of Mesquite*, 129
F.3d 831, 832–33 (5th Cir. 1997) (holding that a district court's finding that an attorney was guilty
of "blatant misconduct" was sufficient to show cognizable reputational injury); *El Paso Cty. v.
Trump*, 408 F. Supp. 3d 840, 849 (W.D. Tex. 2019).[5] Additionally, emotional harm has been held
to satisfy the "injury in fact" requirement of constitutional standing. *Rideau v. Keller Indep. Sch.
Dist.*, 819 F.3d 155, 169 (5th Cir. 2016). Collins has standing based on the injuries he alleges
—reputational injury and mental anguish—that are reasonably traceable to Defendants' actions.[6]

## 2.      Texas Tort Claims Act

The Commission Defendants next argue that the Court lacks subject matter jurisdiction over
Collins' intentional torts claims (intentional infliction of emotional distress and state law
conspiracy), because the Texas Torts Claims Act requires their dismissal. TEX. CIV. PRAC. & REM.
CODE § 101.106(f). Section 101.106(f) of the TTCA, "provides a governmental employee with
statutory immunity from suit when he or she is sued for a tort that '(1) is based on conduct within
the general scope of the employee's employment and (2) could have been brought under the Act
against the governmental unit.'" *Gomez v. Massey*, No. 3:18-CV-00348, 2019 WL 4034319, at *2
(S.D. Tex. Aug. 27, 2019) (quoting *Garza v. Harrison*, 574 S.W.3d 389, 399–400 (Tex. 2019)). The
Commission Defendants assert that because the intentional torts Collins brings against the
Commissioners are for actions taken within the scope of their employment, pursuant to Section

---

[5]Damage to an individual's reputation due to defamatory statements by a state actor is actionable
under § 1983 when it is accompanied by an infringement of some other protected interest. *Texas v.
Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) (per curiam).

101.016(f), the claims can only be brought against them in their official capacity, and as such must be dismissed for lack of jurisdiction.

All tort claims against a governmental entity and its employees are assumed to arise under the TTCA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Torts against government employees for conduct within the scope of their employment are regarded as official capacity claims only. *Wilkerson v. Univ. of N. Tex. ex rel. Bd. of Regents*, 878 F.3d 147, 158-59 (5th Cir. 2017) (citing TEX. CIV. PRAC. & REM. CODE § 101.106(f)). And, government employees in their official capacities are immune from liability because the TTCA "mandates plaintiffs to pursue lawsuits against governmental units rather than their employees." *Id.*  The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). Conduct is within the scope of employment, if there is "a connection between the employee's job duties and the alleged tortious conduct." *See Wilkerson*, 878 F.3d at 160 (5th Cir. 2017). This remains true even "if the employee perform[ed] negligently or [was] motivated by ulterior motives or personal animus." *Id.*

Collins' allegations against the Commission Defendants, accepted as true, only describe actions performed within the scope of their employment. He complains that they mishandled his complaint, that he was defamed in a hearing, and that they conspired to cover up the inadequacies of the DPS Crime Lab—all acts taken in their capacity as governmental officials. Accordingly, since Collins cannot bring tort claims against the Commissioner Defendants in their individual capacities under the TTCA, and they are immune from liability from such claims in their official capacities,

Collins' intentional infliction of emotional distress and conspiracy claims are barred and should be dismissed with prejudice. *Franka v. Velasquez*, 332 S.W.3d 367, 369-85 (Tex. 2011).

**3.      Section 1983 Claims**

Collins brings several constitutional claims pursuant to 42 U.S.C. § 1983: Fourteenth Amendment due process and equal protection claims; a Fifth Amendment claim; a claim of failure to intervene; and a conspiracy claim. To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights guaranteed by the United States Constitution or federal law; and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). The Commission Defendant assert that Collins has failed to state a claim for a violation of a constitutional right and that they are entitled to qualified immunity for Collins' Section 1983 claims.

a.      Fourteenth Amendment Due Process Claim

Collins alleges due process claims based upon the Commission Defendants' handling of his complaint. The Commission Defendants assert that Collins has failed to identify a liberty or property interest that was harmed by their investigation of his complaint. The Court agrees.

The Fourteenth Amendment prohibits a state from depriving a person "of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. Procedural due process requires notice and an opportunity to be heard. *Matthias v. Bingley*, 906 F.2d 1047, 1051–52, modified on other grounds, 915 F.3d 946 (5th Cir. 1990). Substantive due process bars certain government actions when they can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. *City of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). It is unclear from the complaint whether Collins alleges a violation of his procedural or substantive due process

9

rights.  "Procedural due process claims are subject to a two-step inquiry: the first question asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *O'Donnell v. Harris Cty.*, 892 F.3d 147, 157 (5th Cir. 2018). In this case, Collins merely complains about the outcome of an investigation, and has failed to identify a liberty or property interest of his that was interfered with by the state. Collins points to no caselaw supporting a property or liberty interest in the outcome of the investigation of his complaint. Generally speaking, there is no constitutional right to an investigation by government officials. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 762 (2005) (holding that the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor its "substantive" manifestations); *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (finding parents did  not have a protected property interest in an investigation into their son's death sufficient to make out a due process violation); *McMillan v. Vaught*, No. 1:19-CV-591, 2019 WL 8223613, at *3 (E.D. Va. Sept. 10, 2019) (stating there is no federal right to have complaints investigated).

While Collins does complain he was defamed because the outcome of the investigation was contrary to his contentions, such a claim is insufficient to bring a due process claim. Generally, "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). However, the Supreme Court has never held that the mere defamation of an individual was sufficient to invoke the guarantees of due process absent an

accompanying loss of government employment. *Paul v. Davis*, 424 U.S. 693, 706 (1976).[7]  Further, Collins was not the subject of the investigation, merely the complainant, and thus he did not have the type of interest in the proceedings ordinarily triggering due process protections.  Regardless, while Collins alleges he has lost future business, he has not pointed to the loss of governmental employment or other interests protected by state law. Collins has thus failed to make out a claim that the Commission Defendants violated his procedural due process rights.

"Substantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them'" *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 672 n.3 (5th Cir. 2007) (internal punctuation omitted). Where the substantive and procedural due process claims rest on the same allegations, the substantive due process claim must either fail or be subsumed within the more particular procedural due process claim. *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005). To the extent Collins attempts to bring a substantive due process claim, such claim also fails. *See Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 6:19-CV-01027, 2020 WL 1695053, at *5 (W.D. La. Apr. 7, 2020).

      b.      Fifth Amendment Due Process Claims

The Fifth Amendment only applies to violations of one's constitutional rights by the United States or federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Because Collins

---

[7]*See also Thinkstream v. Adams*, 251 Fed. Appx. 282, 284 (5th Cir. 2007) (recovery under 42 U.S.C. § 1983 allowed for defamation by governmental actor that removes or significantly alters a life, liberty, or property interest protected by state law, including the freedom to operate a legitimate business, but not for mere loss of future employment opportunities or an isolated contract), *cert. denied.*, 553 U.S. 1050 (2008); *Duncan v. Tangipahoa Par. Council*, No. CIV.A. 08-3840, 2010 WL 2773242, at *4 (E.D. La. July 9, 2010) (even if Plaintiff has a triable state law tort claim for defamation, he has failed to demonstrate the conduct in issue constitutes the requisite "stigma plus infringement" of a liberty or property interest recognized by state law).

does not allege that any of the Commission Defendants are federal actors, he cannot state a Fifth Amendment claim.

c.     Equal Protection Claim

A § 1983 plaintiff may plead an Equal Protection violation by alleging that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). For a "class of one" equal protection claim, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Collins has failed to identify his membership in a protected class. Further, He has failed to allege that he was treated differently than a member of any other class, or that he was intentionally treated differently from others similarly situated. Accordingly, Collins has failed to state a section 1983 claim for violation of his constitutional right to equal protection under the law.

**4.    Section 1985(3) Claim**

Section 1985 creates a cause of action against anyone who conspires to deprive another of "equal protection of the laws" or "equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). A conspiracy is not actionable under § 1985(3) unless it involves race-based animus. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). Collins has failed to plead any race based animus on the part of Commission Defendants. This claim fails.

**5.    Failure to Intervene**

Collins brings a separate "failure to intervene" claim. Initially, it appeared he pled this cause of action pursuant section 1983. Dkt. No. 1 at 24 (entitling this section "Count V Section 42 U.S.C.

Section 1983, Failure to Intervene.") However, in his Response, Collins clarifies that he is brining

the claim under section 1985:

> The text of 42 U.S.C. § 1985 is very clear in its application. The Defendants actions are unlawful and improper.
>
> In (2) "…if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." And
>
> (3) "…in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

Dkt. No. 17 at 7-8. The Court already noted that Collins has failed to state a section 1985(3) claim

because he does not allege any race-based animus.  Similarly, a section 1985(2) claim also requires

proof of race or class-based animus. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir.

2010). Collins has failed to make any such allegation here.  Collins fails to state any claim pursuant

to § 1985(2) for failure to intervene.

With regard to section 1983, the Court can find no case where a section 1983 "failure to

intervene" assertion stated a claim outside the context of an excessive force case. The Fifth Circuit

has held that in those circumstances, "an officer may be liable under § 1983 under a theory of

bystander liability where the officer (1) knows that a fellow officer is violating an individual's

constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to

act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). In this case, not only does the case not

involve excessive force, the Court has found no requisite underlying constitutional violation. Any failure to intervene claim against the Commission Defendants necessarily fails.

### 6.      Conspiracy Claims

Collins asserts conspiracy claims against the Commissioner Defendants. Section 1983 conspiracy claims are not actionable without an underlying violation of section 1983. *Jackson v. Pierre*, No. 19-30853, 2020 WL 1918708, at *3 (5th Cir. Apr. 20, 2020). Because Collins has failed to state a violation of section 1983, he cannot bring a concomitant conspiracy claim.

### 7.      Qualified Immunity

Alternatively, the Commission Defendants assert that they are entitled to qualified immunity for Collins' section 1983 and section 1985 claims. Qualified immunity is a defense available to government officials sued for constitutional violations pursuant to 42 U.S.C. § 1983. *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994). Qualified immunity is also available as a defense to a claim brought pursuant to 42 U.S.C. § 1985(3). *See McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010).

Qualified immunity shields government officials from liability for civil damages so long as their conduct does not violate clearly established rights. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). At the pleading stage, an official is entitled to qualified immunity "unless [the] plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). These questions can be taken up in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the plaintiff fails to establish either part of the two-part inquiry, the court must grant the defendant qualified immunity. *Id.*

14

In his Response, Collins cites to the Texas Code of Criminal Procedure, art. 3801, which refers to the policies and procedures of the Forensic Science Commission, and references other Texas laws relating to public officials. Collins complains that the Commission Defendants violated these various state statutes in their treatment of his complaint and at the hearing at which he spoke. But absent some showing that the Commission Defendants violated Collins' federal constitutional rights, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under § 1983. *See Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 352 (5th Cir. 2012). The Court has found that Collins has failed to state a claim that the Commission Defendants violated his constitutional rights. "It is a plaintiff's burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001). The Commission Defendants are entitled to qualified immunity for Collins' § 1983 and § 1985 claims.

Additionally, "the second prong of the qualified immunity test is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). Showing that the right was clearly established requires a plaintiff to point out "a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he is doing violates the law." *Keller v. Fleming*, —— F.3d ——, 2020 WL 831757, at *6 (5th Cir. Feb. 20, 2020). Collins has also failed to point out any precedent establishing that his allegations that the Texas Forensic Science Commission mismanaged the investigation of

15

his complaint states a violation of a clearly established constitutional right. The Commission Defendants are entitled to qualified immunity on this additional basis.

**B.      Defendant Mills' Motion to Dismiss**

Defendant Brady Mills is the Director of the Department of Public Safety Crime Lab. Dkt. No. 8 at 1. Collins complains about various irregularities in the DPS Crime Lab, and Mills' participation in the Commission's investigation of Collins' complaint about the Lab. Collins asserts that Mills, acting within the scope of his employment, was involved in a conspiracy to deny Collins his constitutional rights. Mills agues that all constitutional claims against him should be dismissed based on qualified immunity, and the Texas Torts Claims Act requires dismissal of Collins' state law claims. The Court agrees.

Collins brings the same claims against Mills that he brings against the Commissioner Defendants, and his claims against Mills fail for the same reasons as the claims against the Commission Defendants fail.  Collins has also failed to establish a violation of his constitutional rights sufficient to make out a section 1983 claim against Mills, and because he cannot make out a section 1983 claim, he cannot make out a conspiracy claim for his section 1983 claims. Collins also cannot make out a conspiracy claim pursuant to section 1985 for the same reasons as explicated above. Additionally, Mills is entitled to qualified immunity because Collins has failed to plead Mills violated a clearly established constitutional right. *Keller,* 2020 WL 831757, at *6.

Lastly, Collins' intentional tort claims fail. His complaint against Mills involves the operation of the DPS Crime Lab, and only describes actions taken in the scope of Mills' employment as a governmental official. Collins cannot bring tort claims against Mills in his individual capacity for such actions, and Mills is immune from liability from such claims in his official capacity. *Wilkerson,*

878 F.3d at 158–59; Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 101.106(f). Collins' intentional infliction of emotional distress and conspiracy claims against Mills should be dismissed with prejudice. *Franka,* 332 at 369-85.

## C.  Defendant James' Motion to Dismiss

Next, Montgomery County Assistant District Attorney Andrew James moves to dismiss Collins' claims against him. Collins' only reference to James in his Complaint is the allegation that "Commissioner Bruce Budowle conspired with the subject of the complaint, DPS Lab Technical Leader Andrew McWhorter, DPS Lab Director Brady Mills, Montgomery County ADA Andrew James and other as-yet-unknown DPS Crime Lab and/or state officials to produce the sham investigation." Dkt. No. 1 at 9-10.

To the extent that Collins complains that James presented false DNA evidence in his prosecution of Fred Lee, James argues that Collins' claims against him should be dismissed because he is entitled to absolute prosecutorial immunity. Collins complains that James presented faulty DNA evidence in a trial in which Collins served as an expert witness. Not only does Collins not have standing to bring such a claim, because he cannot assert he was injured by James' conduct,[8] James is entitled to prosecutorial immunity for his actions. Prosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process, this includes evaluating evidence. *See Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 437 n. 6 (5th Cir. 2009). James' actions that serve the basis for Collins' complaint—requesting an analysis of DNA samples from the DPS Crime Lab and relying on those samples at trial—were within the scope of his duty as a

---

[8] An individual citizen may not sue under the auspices of § 1983 in civil court to obtain money damages for false testimony presented at trial. *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983).

prosecutor. Thus, Collins' claims about James' handling of the evidence and testimony in the Fred Lee case are subject to dismissal on grounds of absolute immunity. *Bradley v. Salvant*, No. 18-11376, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020) (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).[9]

With regard to Collins' complaints that James participated in the TFSC's "sham" investigation of his complaint, this claim also fails. Collins seems to complain about two aspects of James' involvement: 1) that he gave incorrect information to the TFSC in its investigation of the complaint; and 2) that he attended the TFSC hearing and failed to intervene on Collins' behalf. Collins identifies James' actions as conspiratorial conduct. Dkt. No. 9 at 2-4.

Collins does not identify any information James allegedly contributed to the TFSC investigation of his complaint; but rather, merely states that he believes James might have contributed such information. This is insufficient to bring a section 1983 claim. When considering motions to dismiss section 1983 claims against public officials, courts must not accept conclusory allegations or unwarranted deductions of fact as true because the Fifth Circuit's heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

With regard to Collins' "failure to intervene" claim, Collins bases his claim on the fact that James attended the TFSC hearing at which Collins' complaint was addressed, and failed to speak

---

[9] James moves to dismiss any claims he violated Collins' rights based on the assertion he may have made a statement to the TFSC in the course of its investigation of Collins' complaint. James asserts that if he did so, he was acting as witness to an entity entitled to quasi-judicial immunity, thereby entitling him to immunity. Whether or not the TFSC is a quasi-judicial entity, witness immunity applies to testifying witnesses and there is no evidence that James testified in any capacity. *See Rehberg v. Paulk*, 566 U.S. 356, 374 (2012) ("[A] trial witness has absolute immunity with respect to any claim based on the witness' testimony."); *Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014).

up on Collins' behalf. Collins includes in his Response a picture from the hearing, identifies James as present, and states that "Defendant's silence confirms his agreement with Commissioner Budowle with the facts in the statements being made. He is a direct participant in the conspiracy or failed to intervene . . ." Dkt. No. 9 at 2-3. As described above, Collins has similarly failed to make out the elements a "failure to intervene" constitutional violation.

In his Response, Collins clarifies that he brings the "failure to intervene" claims against James pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). *Id.* at 2.[10] Once again, Collins must identify a violation of a constitutional right by a party to the alleged conspiracy to bring a section 1983 claim. He has failed to do so. And, having failed to state a basis for a section 1983 claim, he cannot bring a conspiracy claim. Additionally, as explained above, Collins cannot bring a conspiracy claim pursuant to section 1985(3) without alleging race-based animus, which he fails to do. *Lockett*, 607 F.3d at 1002. Lastly, any intentional tort claims against James fail for the same reason as those against Mills and the other state Defendants. *Wilkerson*, 878 F.3d at 158–59; TEX. CIV. PRAC. & REM. CODE § 101.106(f).

### D.    Claims Against Remaining FBI Defendants

Lastly, Collins brings claims against Federal Bureau of Investigation Special Agent in Charge Perrye K. Turner, and "other as-yet unknown state and FBI officials." Dkt. No. 1 at 1. Turner has requested an extension of time to file an Answer. Dkt. No. 28. The District Court granted Turner an extension until June 12, 2020. Dkt. No. 33. Any claims against Turner remain outstanding.

---

[10] For the first time, Collins alleges that James' actions also violate his rights pursuant to 18 U.S.C. § 241, which is a federal criminal statute concerning civil rights violations. This claim necessarily fails because section 241 does not create a private cause of action. *Deubert v. Gulf Fed. Savings Bank*, 820 F.2d 754, 760 (5th Cir. 1987).

19

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Defendant Andrew James' Motion to Dismiss for Failure to State a Claim (Dkt. No. 6), **GRANT** Defendant Mills' Motion to Dismiss (Dkt. No. 8) and **GRANT** the Commission and Commission Defendants' Motion to Dismiss (Dkt. No. 16), and **DISMISS WITH PREJUDICE** Collins' claims against Commissioners of the Texas Forensic Science Commission Jeffrey J. Barnard, Bruce Budowle, Patrick Buzzini, Mark Daniel, Nancy Dowling, Jasmine Drake, Dennis Johnson, Sarah Kerrigan, and Jarvis Parsons, Texas DPS Crime Lab Director Brady Mills, Texas Forensic Science Commission General Counsel Lynn Robitaille Garcia, and Montgomery County Assistant District Attorney Andrew James for failure to state a claim upon which relief may be granted and alternatively, on the basis that all Defendants (with the exception of Andrew James who did not raise the defense) are entitled to qualified immunity. **LASTLY**, the Court **ORDERS** this case **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except

upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th of May, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

21